


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK BAILEY,
    Petitioner,

V.

WARDEN EDWARD BRENNAN OF
SCI-ALBION and D. MICHAEL
FISHER, ATTORNEY GENERAL
OF PENNSYLVANIA

CIVIL ACTION NO.

1:CV-01-0327

FILED
MAY 3 1 2001
PER _____
HARRISBURG, PA.  DEPUTY CLERK

**RESPONDENTS' ANSWER and
MEMORANDUM OF LAW**

Jeff Leber
District Attorney
I.D. #19451
One East Third Street
Coudersport, PA 16915
(814) 274-8174

1 through 11 admitted.

12. Respondents deny all of Petitioner's claimed grounds for habeas corpus relief.

    A.    Petitioner's trial counsel was not ineffective and there was no error by the District Attorney which denied Petitioner due process or a fair trial. Evidence of prior bad acts by Petitioner were properly admitted.

    B.    Petitioner's trial counsel was not ineffective. Appropriate limiting or curative instructions concerning unrelated bad acts by the Petitioner were given.

    C.    The District Attorney's summation to the jury was appropriate and did not include statements of personal opinion. Any statements relative to the Peititioner's bad acts were appropriate responses to argument of his counsel and as a summary of the facts produced at trial.

    D.    Trial counsel did in fact present character testimony on behalf of Petitioner; namely, the testimony of his Priest and his Mother.

    E.    The corpus delecti rule was properly followed and the corpus delecti established. The statement made by Petitioner was properly entered in evidence.

    F.    The verdict against the Petitioner was clearly supported by the evidence produced at trial.

    G.    The Commonwealth's expert witnesses properly provided their opinions and trial counsel was not ineffective and did not fail to properly object or preserve the issues.

13 through 17 admitted.

18. Petitioner has exhausted all state remedies.

19. All relevant transcripts are included herewith.

20. Petitioner's Brief on Appeal to the Superior Court is enclosed as are copies of the Superior Court of Pennsylvania's Memorandum Opinion Affirming Petitioner's Conviction and the Order of the Supreme Court denying Petitioner's Request for Allowance of Appeal.

WHEREFORE the Respondent's pray this Honorable Court to deny the Petition for Writ of Habeas Corpus.

Respectfully submitted,

Jeff Leber, District Attorney
I.D. #19451
One East Third Street
Coudersport, PA 16915
(814) 274-8174

## MEMORANDUM OF LAW

### I. FACTUAL BACKGROUND

Habeas corpus Petitioner Mark Bailey was convicted in a jury trial in the Court of Common Pleas of Potter County of 4 Counts of Aggravated Assault, 4 Counts of Simple Assault and 4 Counts of Endangering the Welfare of a Child. (18 Pa.C.S.A. §2702, §2701 and §4304) At trial Petitioner was represented by Attorney Harold B. Fink. At all stages of appeal and now before this Honorable Court, Petitioner is represented by Attorney Samuel C. Stretton. Issues raised by Attorney Fink at trial and post trial are raised herein as well as a claim of ineffectiveness of counsel raised for the first time by Attorney Stretton on behalf of Petitioner before the Superior Court of Pennsylvania.

Petitioner was arrested after several fractures of the 7 month old victim were discovered at the local hospital on September 24, 1996. This infant was the child of Petitioner's paramour.

Upon interview by the Pennsylvania State Police Petitioner acknowledged that he may have accidentally injured the infant on several occasions. He also acknowledged that he had difficulty controlling his temper.

Petitioner was tried by jury which returned verdicts of guilty. Petitioner seeks habeas corpus relief from his incarceration as a result of those convictions.

## II. ISSUES

Petitioner fully sets forth the issues in his petition. All relate to the alleged ineffectiveness of his Attorney Harold B. Fink before the trial court.

The Superior Court of Pennsylvania has fully examined all of these issues (Commonwealth of Pennsylvania, Appellee v. Mark Bailey, Appellant, #1451 Pittsburgh 1998, Memorandum Opinion filed August 10, 1999). The Superior Court's Memorandum Opinion fully sets forth the standard of review relative to ineffectiveness claims in the Commonwealth of Pennsylvania (Id. at pg. 7-8). The Superior Court correctly concluded that each of Petitioner's claims of ineffectiveness of counsel were without "arguable merit" and affirmed Petitioner's judgment of sentence.

## III. ARGUMENT

A.     EVIDENCE OF PRIOR BAD ACTS

Petitioner complains that evidence of his prior bad acts were improperly admitted at trial. This issue was fully examined and correctly resolved by the Superior Court (Id. pg. 16-26). Petitioner's claims relative to each of these issues is without merit. At trial Petitioner presented a defense that he did not intend the harm that the victim suffered and placed his own character in issue. These factors opened the door for the Commonwealth to fully examine these issues on cross examination of the Petitioner and his witnesses once the Petitioner had opened those doors. Respondent is unable to expound upon these issues beyond the analysis of the Superior Court.

B.     LIMITING OR CURATIVE INSTRUCTIONS

This allegation of error relates to testimony that was produced relative to Petitioner's failure to visit with his son. The Superior Court of Pennsylvania correctly found that this was not so similar to the incident alleged and for which Petitioner stood trial, such as to prejudice the Petitioner, and thus no curative instruction was required.

Likewise the Petitioner complains of the prosecutor's closing remarks regarding the Petitioner paramour's daughter Jennifer. The Court did provide a limiting or curative instruction (N.T. 392-93).

These allegations of error are fully resolved by the Superior Court's opinion at pgs. 27-28 and pg. 32.

6

C.  DISTRICT ATTORNEY'S EXPRESSION OF PERSONAL OPINION

Once again this issue is fully addressed by the Superior Court in its Memorandum Opinion (pgs. 28-32). This claim is without merit because all of the prosecutor's comments fairly related to evidence produced during the trial or were a "fair response" to the argument of the Petitioner's counsel to the jury. Specifically, Petitioner's counsel argued that the Petitioner was a "fine young man". This argument was in response to the issues raised by Petitioner and his counsel during trial and in closing. Viewing the closing statement, the Commonwealth as a whole, the comments were fair and did not create prejudice to the Petitioner.

D.  TRIAL COUNSEL'S FAILURE TO PRESENT CHARACTER EVIDENCE

The Pennsylvania Supreme Court in its Memorandum Opinion briefly touched on this issue at pgs. 14 and 15. Further, in fact the Petitioner did present character evidence. He produced both his Priest and his Mother who provided testimony relative to his character.

Initially consider the testimony of Brother Michael Hicks (N.T. 284 at Sec.). At pg. 288 trial counsel asked the following:

> Based on your knowledge of Mark and observations of Mark, particularly as it relates to the interrelationship between him and Lori and her children could you, do you have any opinion as to whether Mark had formed any intent at any time to harm the children?

Additionally the Petitioner called his Mother to the stand at trial. She was questioned regarding Petitioner's character particularly as it related to his inclination to

7

cause any harm to a child. Defense counsel asked of Mrs. Bailey "have you ever seen Mark harm, physically harm any child?" Further the witness was asked:

> Based on your observations and of course on the historic knowledge of your son, do you, what do you have to say about Mark's propensity to place any child in danger or hurt any child? (N.T. 299)

This certainly is evidence regarding Petitioner's character.

Now Petitioner's counsel states that character witnesses would have been called "which include his Mother". Certainly there is nothing that she could add to the testimony which she already produced. What significance would there be to her now offering that she is aware of his reputation in the community and that reputation is one of nonviolence or peacefulness. Certainly Petitioner suffered no prejudice because of the lack of character witnesses.

E.  CORPUS DELECTI

This difficult area of the law was appropriately addressed by the Trial Judge as well as the Superior Court. The Memorandum Opinion from the Superior Court at pgs. 8-14 fully addresses these issues and respondents are unable to expound upon that proposition of law any further. Included in the Superior Court's Opinion is an analysis of the Trial Court's charge to the jury which fully addressed the issues presented by the corpus delecti rule.

8

F.  VERDICT AGAINST THE WEIGHT OF THE EVIDENCE OR EVIDENCE INSUFFICIENT TO SUPPORT VERDICT

Petitioner's argument regarding this issue is coincident with his position relative to corpus delecti. The Superior Court addressed these issues in its footnote at page 11 of its Opinion. If Petitioner's corpus delecti argument fails and the statement of the Petitioner to the Pennsylvania State Police is admissible, clearly the argument regarding the weight and sufficiency of the evidence must fail.

G.  TESTIMONY OF EXPERT WITNESSES

This argument again is coincident with the corpus delecti argument. The Superior Court addressed this issue first at pages 8-11. The Superior Court repeats the very complete opinion of the Trial Court. In essence the corpus delecti rule does not require that every possible other cause of an injury other than criminal conduct must be ruled out in the Commonwealth's production of evidence. Any differences that were contained in the opinion's of the respective doctors go merely to theory rather than to the cause. All of the physicians agreed that the "...injuries were purposefully inflicted on the child" (Superior Court Memorandum of Opinion at pg. 10).

9

## IV. CONCLUSION

Each of Petitioner's claims of ineffectiveness lack arguable merit. Petitioner was effectively represented by counsel at trial and therefore habeas corpus relief is not warranted.

Respectfully submitted,

Jeff Leber, District Attorney
I.D. #19451
One East Third Street
Coudersport, PA 16915
(814) 274-8174

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the persons and in the manner indicated below which service satisfied the requirements of Pa.R.A.P. 121:

### SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

Samuel C. Stretton, Esq.
301 S. High Street
P. O. Box 3231
West Chester, PA 19381

Jeff Leber
District Attorney
One East Third Street
Coudersport, PA 16915

Dated: May 30, 2001